UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOENDER SANTIAGO VIVAS,

Petitioner,

Case No. 1:26-cv-3161

v.

Honorable Jane M. Beckering

UNKNOWN PARTY et al.,

Respondents.

/

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the

community. (Pet., ECF No. 1, PageID.7.)[1] In an order entered on November 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the October 26, 2026, bond hearing on November 12, 2026. (Resp., ECF No. 6; Recording of Oct. 26, 2026, Bond Hearing, filed on Nov. 12, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Notice to Appear (NTA), ECF No. 1-4, PageID.30.) On January 20, 2026, Petitioner was arrested by local authorities in Middletown New Jersey following a domestic incident. (Pet., ECF No. 1, PageID.11.) Petitioner remained in local jail until a guilty plea was entered on April 13, 2026, at which point he was placed into ICE custody. (*Id.*)

On August 20, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Santiago Vivas v. Mullin et al.* (*Santiago Vivas I*), No. 1:26-cv-2386 (W.D. Mich.). In *Santiago Vivas I*, the Court dismissed Petitioner's petition for a writ of habeas corpus without prejudice, requiring Petitioner to exhaust the available administrative remedies by requesting a bond hearing in Immigration Court. Op. & Jud., *Santiago Vivas I*, (W.D. Mich. Sep. 11, 2026), (ECF Nos. 7, 8).

On October 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 6, PageID.71.) At the conclusion of the October 26 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he was not a danger or a flight risk." (Immigration Judge Order, ECF No. 6-1, PageID.84.)

---

[1] Petitioner also filed a motion for an emergency motion for expedited consideration and limited temporary relief. (ECF No. 2.) As set forth herein, the Court will conditionally grant Petitioner's § 2241 petition, which resolves the case. Therefore, Petitioner's motion for expedited consideration and limited temporary relief is moot.

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge